UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA G.,[1] <br>     Plaintiff <br> v. <br> ANDREW M. SAUL, Commissioner of Social Security,[2] <br>     Defendant. | Case No. 5:18-cv-01894-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Angelina G. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 9 and 10] and briefs addressing disputed issues in the case

---

[1]     In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

[2]     Andrew M. Saul, the Commissioner of Social Security, is substituted as defendant for Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d).

[Dkt. 25 ("Pl. Br."), Dkt. 28 ("Def. Br.")]. The matter is now ready for decision. For the reasons discussed below, the Court finds that this matter should be affirmed.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On April 27, 2015, Plaintiff filed applications for DIB and SSI alleging disability beginning August 30, 2014. [Dkt. 13, Administrative Record ("AR") 202-212.] In both applications, Plaintiff stated that she became disabled primarily due to pain resulting from neck and back injuries. [AR 28.] The Commissioner denied her applications on initial review and reconsideration, and Plaintiff was found not disabled by an Administrative Law Judge ("ALJ") in a December 13, 2017 decision. [AR 20-33.] Plaintiff sought review of the ALJ's decision, which was denied.

The ALJ's decision under review found that Plaintiff had severe impairments including left knee ligament damage with pain; spurring/degeneration of the lumbar spine and the residual effects of pain status post cervical fusion (previously operated on in 2002); undifferentiated connective tissue disorder/fibromyalgia/arthralgia; and obesity." [AR 23.] The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. [AR 26.] Based on her impairments, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform a narrowed range of light work. [AR 27-28.]

The ALJ then determined that Plaintiff could complete her past relevant work as a retail sales clerk/manager and therefore she was not under a disability through her date last insured. [AR 31-32.] Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. [AR 1-6.] This appeal followed.

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r*

*Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff raises two issues for review: (1) whether the ALJ properly analyzed the medical opinion evidence; and (2) whether the ALJ properly evaluated her subjective symptom statements. [Pl. Br. at 1.] As set forth below, reversal or remand is not warranted.

### A. Evaluation of the Medical Evidence

Plaintiff first argues that the ALJ did not fully consider evidence supporting her contention that she is unable to stand and/or walk for a combination of 6 hours in an 8-hour work day. In support of her argument, Plaintiff points to various medical records demonstrating that she complained of knee, back, and neck pain from 2012-2016. [AR 298-299, 339, 346, 348, 354, 370, 374, 378, 385, 388.] As a few examples, on May 26, 2012, an MRI of Plaintiff's left knee revealed a partial

tear of both the anterior cruciate ligament as well as the posterior cruciate ligament and a cyst. [AR 339-340.] On April 17, 2013, Plaintiff's treating physician (who did not provide a treating opinion for the record) requested authorization for knee surgery. [AR 299.] On October 29, 2015, Plaintiff reported pain in her neck, bilateral shoulders, left hip and leg, and she was found to have left lower extremity swelling on examination. [AR 374.] Plaintiff contends that these examples belie the ALJ's opinion that she could stand and/or walk for an extended period of time. Plaintiff's argument, however, is without merit.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion.[3] *Holohan*, 246 F.3d at 1202. To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. *Id.* at 830. The opinion of a non-

---

[3] For claims filed on or after March 27, 2017, the opinions of treating physicians are not given deference over non-treating physicians. *See* 20 C.F.R. §§ 404.1520c (providing that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"), 416.920c; 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016). Because Plaintiff's claim was filed before March 27, 2017, the medical evidence is evaluated pursuant to the treating physician rule discussed above. *See* 20 C.F.R. §§ 404.1527, 416.927.

4

examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. *Id.* at 831.

In this case, the ALJ considered the entire record and concluded that Plaintiff had the RFC to perform a reduced range of light work. The ALJ's decision was supported by a detailed discussion of the record which included opinions by the examining and reviewing physicians stating that Plaintiff could complete the equivalent of medium work coupled with Plaintiff's treatment records demonstrating mostly normal physical findings. These were clear and convincing reasons to reject Plaintiff's contention of disability.

First, the ALJ was entitled to rely on the largely uncontradicted opinion of examining physician Bahaa B. Girgis, M.D. On August 6, 2015, Dr. Girgis performed an independent internal medical evaluation of Plaintiff. [AR 323-328.] Upon examination, Plaintiff had normal muscle tone and mass with no evidence of deformities, swelling, or tenderness. [AR 29, 325.] With respect to Plaintiff's knee pain, Dr. Girgis noted mild tenderness to palpation of the left knee and some crepitus, but otherwise normal range of motion. [AR 325.] With respect to her complaints of chronic neck pain, Plaintiff had "mild tenderness to palpitation of the cervical spine, but she had a normal range of motion, a normal gait and normal neurological examination. [AR 326.] Throughout the examination, Plaintiff had a normal gait and ambulation and she did not need an assistive device. [AR 324-327.] Dr. Girgis opined that based on the examination, Plaintiff could lift up to 50 pounds occasionally and up to 25 pounds frequently, and she could sit, stand or walk for up to six hours each per day. [AR 327.] The ALJ permissibly gave significant weight to Dr. Girgis's opinion, finding that it was generally consistent with the record which documented generally normal physical examination findings and with the opinions of the State Agency reviewing physicians Drs. Lancaster and Dwyer who opined that Plaintiff could complete medium work. [AR 30-31, 80-81.]

Second, the ALJ noted that the only evidence contrary to the suggestion that

Plaintiff could complete medium work was the other source evidence provided by Plaintiff's physical therapy reports. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (physical therapist opinion is considered an "other source" evidence). The ALJ noted that despite the physical therapy function reports stating that Plaintiff could not stand for longer than one hour a day (AR 450), Plaintiff reported overall improvement with physical therapy, that the exercises were done without discomfort, and that she could perform aquatic exercises for 30 minutes. [AR 29, 434, 440, 442- 43.] The ALJ ultimately assigned no weight to "the measures of functioning described" by Plaintiff's physical therapists at Rancho Physical Therapy because the reports (1) largely relied on Plaintiff's self-reported allegations and (2) Plaintiff's decision to prematurely quit physical therapy undermined her allegations concerning her pain. [AR 31.] This was an appropriate determination as the ALJ was only required to provide germane reasons for rejecting the opinions found in Plaintiff's physical therapy reports. *Parra*, 481 F.3d at 750 (to discount an "other source" opinion, such as that of a physical therapist, the ALJ must give reasons that are germane to that witness.).

Ultimately, the ALJ's decision is supported by substantial evidence. As discussed above, the ALJ weighed the majority of the medical evidence stating that Plaintiff could perform medium work against Plaintiff's physical therapy reports suggesting that Plaintiff could not work. The ALJ discussed the physical therapy findings, but ultimately rejected those treatment notes in favor of the other objective evidence including the consultative physical examination that took place after Plaintiff quit physical therapy. [AR 31.] While Plaintiff argues that the ALJ should have weighed the evidence differently and instead found that she is unable to stand for an extended period of time, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749

F.2d 577, 579 (9th 1984). Because the ALJ's decision was supported by substantial evidence it must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment). Reversal or remand is therefore not warranted on this issue.

### B. Plaintiff's Subjective Symptom Testimony

Plaintiff next argues that the ALJ failed to provide any clear or convincing reasons to reject her subjective symptom statements. (Pl. Br. at 7-9.)

Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (*quoting Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Here, Plaintiff contends that the ALJ improperly discredited her testimony solely because her subjective complaints were inconsistent with the objective evidence. [Pl. Br. at 6-9.] However, Plaintiff's argument ignores the other specific, clear and convincing reasons provided by the ALJ. In addition to finding that Plaintiff's complaints of extreme limitations were unsupported by the medical record, the ALJ also found Plaintiff's credibility was weakened for several other reasons including: (1) Plaintiff's conservative treatment history, (2) her positive

7

response to treatment; (3) inconsistency with the objective medical evidence; (4) admitted daily activities, and (5) specific instances where Plaintiff's testimony conflicted with the record. The Court therefore rejects Plaintiff's argument that ALJ relied solely on the objective medical evidence when discounting her credibility as the ALJ pointed to several justifications for doing so.

First, contrary to Plaintiff's assertions, the ALJ permissibly found her testimony less than fully credible because the objective evidence in the record did not support Plaintiff's statements as to the intensity and persistency of her symptoms. [AR 28-31.] "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). As discussed above, the bulk of the opinion evidence surmised that Plaintiff could perform medium work which far exceeds Plaintiff's self-imposed limitations. The ALJ was permitted to consider the lack of supporting medical evidence as a factor confirming his other reasons to reject Plaintiff's credibility. *Id.*

Second, the ALJ found that Plaintiff's conservative treatment was also inconsistent with the level of pain and disability to which Plaintiff testified at the administrative hearing. The ALJ noted that Plaintiff's treatment during the relevant time period consisted mainly of medication and physical therapy which Plaintiff stopped attending prior to the conclusion of her treatment. [AR 29- 30.] An ALJ may properly rely on the fact that only routine or conservative treatment has been prescribed. *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (finding that plaintiff's claim that she experienced pain "approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received"). Thus, Plaintiff's relatively routine and conservative treatment was a specific, clear and convincing reason to discount Plaintiff's subjective symptom testimony.

The ALJ also provided additional specific reasons to reject Plaintiff's

testimony of extreme limitations. For example, the ALJ observed that Plaintiff's muscle and joint pain was improved with medication including steroid treatment and a Medrol dose pack. [AR 30, 315-16.] A condition that can be controlled or corrected by medication is not disabling for purposes of determining eligibility for benefits under the Act. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ also noted specific instances where Plaintiff's testimony conflicted with the record. The ALJ noted that Plaintiff's testimony was undermined by her inconsistent statements regarding the need to use an assistive device. [AR 30.] Plaintiff testified that she needed to use a cane to walk in general and at her prior job. [AR 50.] However, in 2015, Plaintiff presented to her consultative examination with Dr. Girgis with a normal gait. During the examination, Plaintiff denied using an assistive device to ambulate. [AR 326-27.] The ALJ provided yet another example concerning Plaintiff's hand. Plaintiff alleged that she could not write at all because of a bone protruding from her right thumb. [AR 30, 269.] However, the ALJ noted that the record failed to include any supporting medical evidence, and to the contrary, field office notes indicated that Plaintiff did not have any difficulty in writing. [AR 30, 266.] These inconsistencies were additional specific, clear and convincing reasons on which the ALJ could properly rely in rejecting Plaintiff's subjective symptom testimony. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ may use "ordinary techniques of credibility evaluation," such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider "prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid"); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on inconsistencies in the claimant's testimony).

Overall, the ALJ cited several clear and convincing reasons for rejecting Plaintiff's subjective complaints regarding the intensity, duration, and limiting

effects of her symptoms. Those reasons were properly supported by the record and sufficiently specific to allow this Court to conclude that the ALJ rejected Plaintiff's testimony on permissible grounds and did not arbitrarily discredit Plaintiff's testimony. Accordingly, reversal is not warranted based on the ALJ's consideration of Plaintiff's credibility.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: February 7, 2020  _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE